972 F.2d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Khairy AREF, Dr., Plaintiff-Appellant,
v.
Deane DANA; Peter F. Schabarum; Kenneth F. Hahn; Edmund
D. Edelman; N. Keith Abbott, et al., Defendants-Appellees.
 No. 91-55982.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided Aug. 11, 1992.
 
 Before FLETCHER, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pursuant to the stipulation of appellant Khairy Aref and the defendants, various employees of the County of Los Angeles, the district court entered a judgment on June 28, 1990. The judgment provided Aref with back pay, certain medical and legal expenses, and a limited ninety day reinstatement for the purpose of helping Aref secure new employment. Aref subsequently moved the district court to set aside the judgment on the grounds that the defendants failed to comply with its terms. See Fed.R.Civ.P. 60(b)(3).
 
 
 3
 The district court appointed a special master to consider Aref's claims. The special master submitted a report recommending that Aref's motion to set aside the previous settlement be denied. The report was filed on July 1. The district court adopted the findings on July 2, and entered judgment on July 8. Because this procedure did not allow Aref "10 days [to object] ... after the filing of the report," Fed.R.Civ.P. 53(e)(2), Aref's failure to object below will not be considered a bar to this appeal, and we will review his objections de novo. Cf. Coolidge v. Schooner California, 637 F.2d 1321, 1326 (9th Cir.) (under analogous rule for magistrate's reports, a party "must be given an opportunity to submit objections to the district judge"), cert. denied, 451 U.S. 1020 (1981). For the reasons set out below, the district court's error was harmless. See United States v. Benning, 330 F.2d 527, 530-31 (9th Cir.1964).
 
 
 4
 Aref first objects to the procedures the special master employed in investigating his claims. These procedural objections are without merit. First, the special master was not obligated to visit Aref's workplace; had Aref wished to demonstrate the problems with his office, he could have simply provided the special master with a photograph. Second, the special master did not prevent Aref from presenting his case. It was incumbent upon Aref to present evidence, and he did not. Aref failed to interview or subpoena witnesses despite a continuance granted by the special master, and Aref did not provide any affidavits to demonstrate that he could present any evidence in support of his claim. The special master had authority, under Federal Rule of Civil Procedure, to "regulate all proceedings in every hearing ... and to do all acts and take all measures necessary or proper for the efficient performance of the master's duties...." Federal Rule of Civil Procedure 53(c). There was nothing irregular about the master's use of a procedure like summary judgment to determine whether there was a genuine issue of material fact which needed to be resolved by an evidentiary hearing, prior to holding such a hearing. This was a "proper" measure for the "efficient performance" of the master's duties.
 
 
 5
 Aref's challenge to the substance of the special master's findings is also without merit. Aref failed to controvert the defendant's evidence that the office facilities provided to him were adequate for the limited purpose of assisting him in finding new employment. The organizational chart on which Aref's name did not appear was for internal use only, and Aref has failed to provide any evidence that information indicating his temporary status was improperly given out by the defendants to prospective employers. Aref signed a release indicating that he received full payment for both front and back pay. Aref lacked standing to pursue his other three claims relating to the salaries of other city employees, discrimination against his sons, and the enforcement of county ordinances. Warth v. Seldin, 422 U.S. 490, 499 (1975).
 
 
 6
 Defendants motion to strike portions of Aref's reply brief is denied.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3